## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD EVANS,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF MILITARY AND<br>VETERANS AFFAIRS, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:     CIVIL ACTION NO. 25-CV-1623<br>:<br>:<br>:<br>: |

### MEMORANDUM

**PEREZ, J.**                                                                                          **OCTOBER 14, 2025**

*Pro Se* Plaintiff Bernard Evans commenced this civil action by filing a Complaint against Defendants Office of Personnel Management ("OPM"), the Board of Pensions and Retirement ("the Board"), the law firm Freedman & Lorry, P.C., and one of the firm's attorneys, Paul Himmel.[1] (ECF No. 2.) In a prior Memorandum and Order, the Court dismissed with prejudice claims asserted pursuant to 42 U.S.C. § 1983 against Himmel and the law firm and dismissed the balance of claims against OPM, the Board, the law firm, and Himmel without prejudice for lack of subject matter jurisdiction and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Evans v. Dep't of Mil. & Veterans Affs.*, No. 25-1623, 2025 WL 2044179, at *3-6 (E.D. Pa. July 21, 2025). The Court permitted Evans leave to file an amended complaint if he could allege additional facts to cure the deficiencies identified in his original Complaint with respect to claims dismissed without prejudice. Evans filed an Amended Complaint and a related filing docketed as an "Exhibit" on July 30, 2025, attempting to reassert his claims against the Defendants. (*See*

---

[1] At Evans's request, the Court dismissed Defendants Department of Military and Veterans Affairs, Commonwealth of Pennsylvania, Fort-Indiantown Gap, and U.S. National Guard from this action on May 15, 2025. (*See* ECF Nos. 4, 5.)

ECF Nos. 8, 9.) For the following reasons, the Amended Complaint will be dismissed without prejudice. Evans will be granted leave to file a second amended complaint if he can cure the defects with his claims against the Board, Freedman & Lorry, and Himmel, as identified in this and the Court's prior Memorandum.

I.     **FACTUAL ALLEGATIONS**[2]

On November 14, 2004,[3] a drunk driver caused an accident that seriously injured Evans, while he was working for the City of Philadelphia. (Am. Compl. (ECF No. 8) at 4.) He could no longer work for the City or for the United States Postal Service. (*Id*. at 5.) Attorney Himmel at the law firm Freedman & Lorry represented Evans while his post-accident benefits were determined. (ECF No. 9 at 1.)

Evans received biweekly payments from Workers' Compensation of $1,380 between December 3, 2004 and September 2, 2006. (*Id*. at 5.) In 2006, he obtained a Workers' Compensation settlement of $120,000. (*Id*.) When the Board awarded Evans disability benefits, his monthly benefit amount was offset by the $120,000 Workers' Compensation settlement he

---

[2] The factual allegations set forth in this Memorandum are taken from the Amended Complaint ("Am. Compl.") and Exhibit. (ECF Nos. 8 & 9.) Because the Amended Complaint supersedes the original Complaint, the allegations set forth in the Amended Complaint govern. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)). The Court thus cannot look to the original Complaint "to help fill the factual void in [Evans's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin*, 604 U.S. at 35). If Evans files a second amended complaint, the same rule will apply, and that pleading will have to stand on its own, meaning it will need to contain **all** the facts Evans wants to allege in the action and any documents he wants considered by the Court in support of his allegations. The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[3] The original Complaint provided October 14, 2004, as the date of the accident, but the Amended Complaint recites November 14, 2004. (ECF No. 2 at 4; ECF No. 8 at 4.) For the purposes of the claims here, the discrepancy is not relevant.

had received. (*Id*.) In November 2022, the Board sent Evans a letter confirming that the offset amount had been paid in full. (*Id*.) The next day, the Board informed him it made an error in calculating his benefits. (*Id*.) The Board had incorrectly failed to further offset his benefits by the amount he had received in the biweekly payments from Workers' Compensation between December 2004 and September 2006. (*Id*.) The Board accordingly informed Evans that, instead of restoring his full benefits amount, it would continue to offset his benefits until August 2026. (*Id*.)

According to Evans, Himmel "was the lawyer to make sure that nothing like this fall[s] back on me." (ECF No. 9 at 1.) Evans apparently told Himmel about the Board's notification in November 2022 that it would continue to offset his benefits to now account for the biweekly payments he received between December 2004 and September 2006. (Am. Compl. at 5.) Himmel allegedly told Evans that the Board could not take that money back. (*Id*.) Evans claims Himmel said that he would look into the matter, but he never did. (*Id*.) The Board continues to offset his benefits. (ECF No. 9 at 1.)

Evans states that, as for benefits administered by OPM related to his Postal Service job, OPM only counted his time of service in that position and did not include Evans' fourteen and a half (14 ½) years of service in the military. (*Id*.) In his Amended Complaint, Evans requests money damages in this action for $200,000. (Am. Compl. at 5.)

## II.     STANDARD OF REVIEW

Because Evans was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

3

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains " sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court accepts the facts alleged in the *pro se* amended complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* amended complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). An unrepresented litigant "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." *Id.* For example, *pro se* litigants must comply with the directives of Federal Rule of Civil Procedure 8, requiring a short and plain statement of "the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3); *see also March*, 2025 WL 2417754, at *2 (vacating and remanding dismissal of *pro se* plaintiff's bare-bones amended complaint where district court used original complaint in its analysis "to help fill in the factual void").

In addition, the Court must review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted).

## III.   DISCUSSION

### A.   Claims Against OPM

The Court previously informed Evans that it lacked subject matter jurisdiction over his claim that OPM miscalculated his benefits, and, to the extent that he asserted a claim pursuant to § 1983 against OPM, he had not stated a plausible claim that could survive dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Evans*, 2025 WL 2044179, at *3 & n.3. Both of those claims were dismissed without prejudice and with leave to amend. Evans has not alleged facts relevant to these claims or even mentioned OPM in his Amended Complaint. (*See* Am. Compl.) He only mentions OPM in his Exhibit, where he states that OPM failed to include Evans's fourteen and half (14 ½) years of military service in its calculation of his benefits related to his Postal Service job. (ECF No. 9 at 1.) This statement does not suffice to either bring the issue within the Court's subject matter jurisdiction or to allege a plausible claim pursuant to § 1983 for a deprivation of due process. The claims will be dismissed without prejudice.[4]

---

[4] In the Court's prior Memorandum on this matter, the Court explained that Evans must lodge his miscalculation challenge through the procedures provided by OPM, and accordingly, the Court lacks jurisdiction over the issue. *See Evans*, 2025 WL 2044179, at *3 (citing 5 U.S.C. § 8347(b) (providing under the Civil Service Reform Act that OPM "shall adjudicate all claims" relating to civil service retirement including annuity benefits); 5 U.S.C. § 8461(c) (providing under the FERS Act that OPM "shall adjudicate all claims under the provisions of this chapter administered by [OPM]"); *Hasan v. United States*, 171 Fed. Cl. 167, 171 (2024) (explaining that, when Congress passed the FERS statute, "it created an exclusive remedial scheme that displaced [the] court's jurisdiction over FERS-related claims.")). "[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999)). As for any procedural due process claim raised against OPM, such claim may be

### B. Claim Against Board of Pensions and Retirement

Evans maintains that the Board unlawfully withheld benefits when it notified him in November 2022 that it would offset Workers' Compensation biweekly payments made between December 2004 and September 2006. The Court understands Evans to assert a claim for deprivation of procedural due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

---

addressed through OPM's processes. *Evans*, 2025 WL 2044179, at *3 n.3. The Court concluded that, in any event, Evans did not state a plausible deprivation of due process claim. *Id.* The Amended Complaint does not address any processes regarding Evans's challenge to the alleged miscalculation.

6

Thus, a deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). "[I]n order to state a claim for failure to provide sufficient procedural due process, a plaintiff must have taken advantage of the processes that are available to her, unless those processes are unavailable or patently inadequate." *Raven v. City of Philadelphia*, No. 15-4146, 2016 WL 320574, at *5 (E.D. Pa. Jan. 26, 2016) (quoting *Solomon v. Philadelphia Hous. Auth.*, 143 F. App'x 447, 453 (3d Cir. 2005)).

The Amended Complaint does not contain sufficient facts detailing the processes available to Evans, his efforts to utilize those procedures, or allegations that the processes "are unavailable or patently inadequate." *Id.* Evans alleges only that he sought out Attorney Himmel when he was notified about the new offsets; he does not mention any other actions that he took after the November 2022 notification. (Am. Compl. at 5.) Should he seek to file a second amended complaint, Evans must provide appropriate details about his *benefits*,[5] including the dates and amounts paid, changes to benefits, and notice he received concerning any changes. He should also describe all procedures made available to him from the Board, the efforts he has made to comply with those procedures, and, if appropriate, explain why the provided procedures are inadequate. He may also attach documents that support his factual allegations in the second amended complaint, although he is reminded that he may not rely exclusively on documents to state a claim.

---

[5] In the Amended Complaint, Evans focuses nearly his entire "Statement of Claim" on the details about his accident and injury. (*See* Am. Compl. at 4.) While those details might have been relevant in a disagreement about eligibility, they are not germane to the action here because Evans does not contend that his eligibility for disability benefits is in question. Rather, in a second amended complaint, Evans must provide all relevant facts concerning the dispute here related to the benefits he claims he is owed and for which he was not afforded due process.

The procedural due process claim against the Board in the Amended Complaint does not allege a plausible claim. The claim will be thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Malpractice Claims against Freedman & Lorry and Himmel Under State Law

Even under a generous construction, the Amended Complaint does not cure the defects with the malpractice claims under state law as identified in the July 21, 2025 Memorandum. Earlier, the Court dismissed the claim alleged against Himmel for lack of subject matter jurisdiction, because Evans failed to establish diversity of citizenship (and absent a plausible federal claim, the Court declined to exercise supplemental jurisdiction).[6] *Evans*, 2025 WL 2044179, at *5-6. The Court observed that Evans had provided a Delaware address for himself but had not provided any information concerning Himmel's state of citizenship. *Id.* In the Amended Complaint, Evans again includes his own Delaware address, but for Himmel, Evans provides the same Philadelphia, Pennsylvania, business address as the law firm. (Am. Compl. at 3.)

This offering, absent more, does not show that Himmel is domiciled in Pennsylvania. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of an individual is his true, fixed and permanent home and place of

---

[6] 28 U.S.C. § 1332(a) grants a federal district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Tr.,* 458 F.3d 281, 286 (3d Cir. 2006) (quotation marks omitted) (quoting *Vlandis v. Kline,* 412 U.S. 441, 454 (1973)). In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Id.* In this circumstance, the mere inclusion of Himmel's apparent work address in the Amended Complaint is not a sufficient basis to determine domicile. *Vilayphunh v. Saunders*, No. 25-4478, 2025 WL 2404249, at *3 (E.D. Pa. Aug. 19, 2025). Because Evans has not met his burden to establish diverse citizenship with Himmel, the Court lacks jurisdiction over the claim.

As for Evans's claim against the law firm, which is also premised on diversity jurisdiction, he provides a Philadelphia, Pennsylvania, address for Freedman & Lorry, P.C. To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.* Evans has not alleged the state of incorporation or the principal place of business for Freedman & Lorry, and accordingly, the Court lacks jurisdiction over any state law claim against the law firm as well.

In any event, even if the Court were to credit Evans's bald allegation of the firm's citizenship at face value, the Amended Complaint does not state a plausible malpractice claim under Pennsylvania law. *See Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. 2007) (holding that legal malpractice claims in Pennsylvania sound in both tort and contract law). "To

state a legal malpractice claim under a negligence theory, the plaintiff bears the burden of proving: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff." *ASTech Int'l, LLC v. Husick*, 676 F.Supp. 2d 389, 400 (E.D. Pa. 2009) (citations and quotations omitted). If the plaintiff is alleging malpractice under a breach of contract theory, he must prove "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *Id*. (*citing CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). In Pennsylvania, malpractice plaintiffs must demonstrate "actual loss"—that is, "they must prove that the underlying legal representation would have achieved whatever the plaintiffs hoped to achieve." *Id*. at 402.

As the Court noted in its prior Memorandum, Evans needed to plausibly allege a duty or contract between himself and the firm. *Evans*, 2025 WL 2044179, at *6. In the Amended Complaint, Evans alleges that Himmel "was the lawyer to make sure that nothing like this fall[s] back on me." (ECF No. 9 at 1.) Evans contends that he returned to Himmel after the Board notified him of the additional offsets, and that Himmel advised that the Board could not do that. (Am. Compl. at 5.) He claims that Himmel said that he would look into it but never did. (*Id*.) To the extent that Evans alleges that Himmel's failure to do something is a "failure . . . to exercise ordinary skill and knowledge" under a negligence theory, or a "breach of a duty imposed by a contract" under a contract theory, Evans must plausibly plead that the Defendant has an obligation to Evans under a duty to act and/or a contract. *ASTech Intern*, 676 F.Supp. 2d at 400. Evans has not, for example, alleged that he employed Himmel when the Board sent notification of additional offsets in November 2022, or that the parties had entered an agreement or contract that obligated Himmel to act. To the extent that he wants to file a second amended

complaint containing a malpractice claim, Evans must allege facts—not just conclusory statements—that support *each* element of the negligence or contract theories (or both, if the facts support them).

Evans's malpractice claims under state law will be dismissed for lack of diversity jurisdiction.

### III.   CONCLUSION

For the reasons stated, the Court will dismiss Evans's Amended Complaint without prejudice. Evans is granted leave to file a second amended complaint with respect to his claims against the Board of Pensions and Retirement, Freedman & Lorry, P.C., and Paul Himmel if he can cure the defects identified in this and the Court's prior Memorandum. No leave to amend will be granted with respect to his claims against the Office of Personnel Management because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

_____
**HON. MIA R. PEREZ**