**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNARD EVANS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **CIVIL ACTION NO. 25-CV-1623** |
| | : | |
| **DEPARTMENT OF MILITARY AND** | : | |
| **VETERANS AFFAIRS,** *et al.,* | : | |
|     **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**PEREZ, J.**                                                                            **FEBRUARY 26, 2026**

*Pro Se* Plaintiff Bernard Evans commenced this civil action by filing a Complaint against

Defendants Office of Personnel Management ("OPM"), the Board of Pensions and Retirement

("the Board"), the law firm Freedman & Lorry, P.C., and one of the firm's attorneys, Paul

Himmel.[1]  (ECF No. 2.)  The Court granted him leave to proceed *in forma pauperis*.  On initial

screening under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the Complaint with prejudice in

part and without prejudice in part, with leave to file an amended complaint.  *See Evans v. Dep't*

*of Mil. & Veterans Affs.*, No. 25-1623, 2025 WL 2044179, at *3-6 (E.D. Pa. July 21, 2025).

Evans filed an Amended Complaint, but he did not cure the defects in his original Complaint.

The Court accordingly dismissed it but granted him leave to file a second amended complaint if

he could remedy the problems with his claims against the Board, Freedman & Lorry, and

---

[1] At Evans's request, the Court dismissed Defendants Department of Military and Veterans
Affairs, Commonwealth of Pennsylvania, Fort-Indiantown Gap, and U.S. National Guard from
this action on May 15, 2025.  (*See* ECF Nos. 4, 5.)  The claim against Defendant OPM was
dismissed without leave to amend on October 14, 2025.  *See Evans v. Dep't of Mil. & Veterans
Affs.*, No. 25-1623, 2025 WL 2917093, at *6.  To the extent Evans reasserts claims against OPM,
(ECF No. 12 at 7), they are dismissed for the same reasons his prior claims against OPM were
dismissed.

Himmel. *See Evans v. Dep't of Mil. & Veterans Affs.*, No. 25-1623, 2025 WL 2917093, at *6 (E.D. Pa. Oct. 14, 2025). For the following reasons, Evans's Second Amended Complaint will be dismissed in its entirety.

## I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[2]

On or around November 4, 2004, a drunk driver caused an accident that seriously injured Evans while he was working for the City of Philadelphia. (ECF No. 12 at 4.) He sustained a bulged disc injury to his lower back and could no longer work for the City. (*Id*. at 5, 4.) Attorney Himmel at the law firm Freedman & Lorry represented Evans while his post-accident benefits were determined. (*Id.* at 5.)

According to letters from the Board submitted with the Second Amended Complaint, Evans obtained a Compromise and Release settlement of $120,000 from Workers' Compensation in 2006. (*See* Letter from Board of Pensions and Retirement dated February 22, 2008 (ECF No. 12 at 8).) Evans applied for service-connected disability benefits from the Board, and it notified him that he qualified to receive $1755.65 per month. (*Id.*) However, service-connected disability benefits must be offset dollar-for-dollar by any award received under Workers' Compensation. (*Id.*) In order to offset the $120,000 amount paid to Evans from Workers' Compensation, the Board calculated that it would need to recoup a remaining amount of

---

[2] The factual allegations set forth in this Memorandum are taken from the Second Amended Complaint, consisting of a standard civil complaint form provided to *pro se* litigants in this Court, plus attachments. (ECF No. 12.) The Second Amended Complaint supersedes the Amended Complaint, and thus the allegations set forth in the Second Amended Complaint govern. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)). Where the Memorandum quotes from the Second Amended Complaint, spelling, punctuation, and grammar errors will be cleaned up as necessary. The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

$53,343.82 going forward from February 2008 until October 2022, at the rate of $300 per month. (*Id*. at 8-9.)  The Board already withheld $66,656.18 in service-connected disability benefits owed to Evans from his retirement date (December 2, 2004) to that point in February 2008.  (*Id*. at 8.)  Thus, according to the letter, the Board planned to issue monthly benefits in the amount of $1455.65 until October 2022, increase it slightly to $1511.83 in November 2022, and then restore benefits to the $1755.65 figure in December 2022.  (*Id*. at 9.)

The attachments also reflect that, on October 26, 2022, apparently at the time that Evans's benefit was scheduled to increase, the Board notified Evans that it had reviewed his file and discovered an error requiring further offsets.  (ECF No. 12 at 12.)[3]  The Board stated that, in addition to providing the $120,000 Compromise and Release Agreement, Workers' Compensation also paid Evans biweekly payments of $1380 between December 3, 2004, and September 2, 2006.  (*Id*.)  The letter also disclosed that Evans had incurred $23,831.71 in medical expenses that should *not* have been offset against the service-connected disability benefits.  (*Id*.)  Taking the medical expense amount and 2004-2006 payments into account, the Board figured that Evans owed $13,280.76 more to offset Workers' Compensation payments. (*Id*. at 11.)  Accordingly, the Board informed Evans that, instead of increasing his benefits as planned, the Board would continue to issue service-connected disability payments for $1455.65 until June 2026.  (*Id*. at 11.)  The Board informed Evans that his full payment of $1755.65 will be payable in August 2026.  (*Id*.)

Evans alleges in his Second Amended Complaint that Himmel "was my lawyer at that time . . . I told Paul Himmel that his office should have made [sure] that all the doors w[ere] close[d]."  (*Id*. at 5.)  Evans claims that, of the $120,000 Workers' Compensation Settlement, the

---

[3] The first and second pages of the letter are reversed in the record.  (*See* ECF No. 12 at 11-12.)

payout for Himmel and himself was $96,168.29.  (*Id*.)  Evans states: "How can you not know for 20 years doing an[] offset of benefits [] that Board had forgot about counting their [Workers' Compensation] in the settlement.  (200.000 Dollars)."  (*Id*.)  Evans asserts that he has "lost everything in the process."  (*Id*.)

## II.    STANDARD OF REVIEW

As Evans was granted *in forma pauperis* status, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Second Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this stage of the litigation, the Court will accept the facts alleged in Evans's Second Amended Complaint as true, draw all reasonable inferences in his favor, and ask only whether the Second Amended Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Evans is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Additionally, a court must dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A plaintiff commencing an action in federal court bears the burden of establishing

4

federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted).

## III.    DISCUSSION

### A.  § 1983 Claim Against Board of Pensions and Retirement

Evans continues to vaguely allege that the Board unlawfully withheld benefits when it notified him in late 2022 that it would offset Workers' Compensation biweekly payments made between December 2004 and September 2006. (*See* ECF No. 12 at 5 ("Beginning December 2022, my recovery has been fully recovered.  Th[en] the next day I was told the city forgot to count their [Workers'] Compensation in my settlement, 20 years later.").)  Through this allegation, the Court understands Evans to assert a claim for deprivation of procedural due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that a court will liberally construe *pro se* claims and "apply the applicable law, irrespective of whether the *pro se* litigant mentioned it by name." (citation and quotation marks omitted)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide

'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). Thus, a deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). "[I]n order to state a claim for failure to provide sufficient procedural due process, a plaintiff must have taken advantage of the processes that are available to her, unless those processes are unavailable or patently inadequate." *Raven v. City of Philadelphia*, No. 15-4146, 2016 WL 320574, at *5 (E.D. Pa. Jan. 26, 2016) (quoting *Solomon v. Philadelphia Hous. Auth.*, 143 F. App'x 447, 453 (3d Cir. 2005)).

Like his two attempts before, Evans has not stated a procedural due process claim. The Second Amended Complaint contains even fewer facts than his prior pleadings about what, if any, steps he took after being notified of the extended withholding of a portion of his benefit. The Court has considered the attached letters from the Board, which flesh out the timetable and apparent reasoning for the additional withholding, but they do not mention any processes or actions taken by Evans. (*See, e.g.*, ECF No. 12 at 11-12.) In any event, Evans cannot rely on them wholly to state his claim. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."). Accordingly, it remains unclear what procedures were available and what actions Evans took. After three attempts, the claim will be dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Nor can the Court discern any other plausible basis for a federal claim based on the allegation and exhibits in the Second Amended Complaint.

### B.  State Law Claims

This leaves any state law claims Evans might be bringing against the Board, Himmel, and Freedman & Lorry.  The only independent basis for jurisdiction over Evans's state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).  It is the plaintiff's burden to establish diversity of citizenship. *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

In his prior pleadings, Evans failed to adequately plead diversity jurisdiction in a manner that would enable the Court to exercise subject matter jurisdiction over his state claims, including any legal malpractice claims he intends to bring.  *Evans*, 2025 WL 2044179, at *5-6; *Evans*, 2025 WL 2917093, at *4-5.  His latest attempt fares no better.  Statements in the Second Amended Complaint suggest that Evans attempted but was unsuccessful obtaining an address for Himmel beyond the firm address.  (ECF No. 12 at 7.)  A person's place of business may be one

factor in considering an individual's domicile for the purposes of diversity jurisdiction. *McCann v. Newman Irrevocable Tr.,* 458 F.3d 281, 286 (3d Cir. 2006) (including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business" among diversity considerations (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1974)). Yet, Evans has pleaded Himmel's place of business here as the only indicator of Himmel's domicile; standing alone, Evans has not sufficiently pleaded Himmel's domicile for the Court to exercise subject matter jurisdiction. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."); *Vilayphunh v. Saunders*, No. 25-4478, 2025 WL 2404249, at *3 (E.D. Pa. Aug. 19, 2025) (holding that alleging business address or current place of business is not sufficient to allege a defendant's citizenship).

Likewise, Evans does not plead additional facts concerning the law firm's citizenship beyond what he has done before, which was to provide a Philadelphia, Pennsylvania, address. Under the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. Evans makes no such contentions under *Hertz*. But even assuming the truth of Evans's bald allegation concerning the firm's citizenship, the Court still lacks jurisdiction because the amount in controversy requirement has not been met. At bottom, Evans's allegations may be understood to challenge the additional $13,280.76 amount the Board decided to offset from his service-connected disability benefit in 2022. (ECF No. 12 at 12.) At most, Evans seeks $13,280.76 in damages, which falls far short of the $75,000 threshold required for the Court to exercise jurisdiction. *See* § 1332(c); *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010) (*per curiam*) (affirming the district court's ruling

that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000).

Evans's state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to him raising claims in state court where jurisdiction will not be an issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint in its entirety.  The remaining federal claim against the Board will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The state law claims will be dismissed for lack of subject matter jurisdiction.  Because Evans was already given an opportunity to amend the defects in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  The Court's dismissal does not preclude him from filing claims in the appropriate state court should he choose to do so.  An appropriate Order follows, which dismisses this case.

BY THE COURT:

_____

**HON. MIA R. PEREZ**

9